UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br>   vs.<br><br>DIANNE LYNN PINAL,<br><br>             Defendants. | Case No. 09-cr-879-JM<br><br>**ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255**<br><br>Docket Nos. 110, 112 |

On October 25, 2011, the court received a document requesting the court "to proceed with consideration for a modified term of imprisonment as a result of the recent retroactive amendment to the United States Sentencing Guidelines issued by the United States Sentencing Commission effective as of NOVEMBER 1, 2011."[1]  The court construed this as a motion under 28 U.S.C. § 2255 and granted Defendant thirty days to file documentation in support of the motion.  On December 9, 2011, Defendant filed a supplemental brief challenging the constitutionality of her incarceration.  For the reasons stated below, the motion is DENIED.

---

[1] Defendant appears to have abandoned this argument in her supplemental brief, instead raising challenges based on the Tenth and Fourteenth Amendments to the U.S. Constitution.

## I. BACKGROUND

The United States brought a complaint against Defendant in February of 2009 for distribution of methamphetamine. In February of 2010, the parties entered into a plea agreement; the court accepted the agreement on March 19, 2010. On June 16, 2010, the court entered judgment, sentencing Defendant to 48 months in prison.

Currently Defendant moves for a modified term of imprisonment, construed by this court as a motion under 28 U.S.C. § 2255. While the initial document filed by defendant alluded to a change in the United States Sentencing Guidelines, her supplemental brief argues that the sentence imposed was unreasonable and unconstitutional. She maintains that allowing the federal government to assert jurisdiction over her criminal case violates the Tenth Amendment of the U.S. Constitution by infringing on the State of California's sovereignty. The brief also asserts that her indictment was based on two offenses—buying and selling—that are essentially the same, and thus her sentence is the result of impermissible double counting. Further, Defendant makes a Fourteenth Amendment argument, alleging that her right to travel was infringed upon because the government targeted her for prosecution based on her travel to Mexico. Though she makes no specific arguments on these points, Defendant also adds that she was interrogated without counsel and was induced to sign the plea agreement while intoxicated.

## II. LEGAL STANDARD AND DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may challenge her custody on the grounds that her sentence was imposed in violation of the Constitution or laws of the United States. Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In such an instance, the district court is not required to hold a hearing or to require a response from the government. See 28 U.S.C. § 2255(b).

1. Waiver of Collateral Attack

Defendant waived her right to collaterally attack the sentence in her plea agreement. The agreement stated that "[i]n exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or collaterally attack the conviction and sentence." Plea Agreement at 10. This waiver provision is enforceable, and thus prevents her from seeking relief on collateral attack. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993), cert. denied, 508 U.S. 979 (1993). Defendant has not challenged the validity of the waiver, but her brief does state in passing that she was "bullied and threatened with a prison sentence of 20 years to life," and that she was "strung out coming off the drugs."[2] Def. Br. at 8. However, Defendant has not attacked the effectiveness of her counsel, which she admits was provided to her when requested. Further, Defendant does not appear to challenge the factual basis of the charges to which she pleaded guilty. Absent further and clearer specific allegations as to the government's conduct or argument directed at the voluntariness of the waiver, Defendant cannot avoid the fact that the waiver precludes her from collaterally attacking the conviction.

2. Time Bar Under 28 U.S.C. § 2255

Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from the date on which the judgment becomes final to file an appeal. This limitation is waived only when there is an impediment preventing a petitioner from filing a motion, new facts are discovered, or the Supreme Court has recognized a new right. 28 U.S.C. § 2255(f). If it is not appealed, a district judge's entry of judgment becomes final when the window for filing an appeal ends. U.S. v.

---

[2] Defendant's factual allegations concerning her interrogation are unclear. She states that legal counsel was provided "when the agents realized that the Petitioner would not speak without representation." Def. Br. at 8. However, she later claims that "between the bullying and lack of representation added to her intoxication and drug induced haze, the FEDERAL AGENTS [sic] actions and behavior were nothing short of illegal." Id. at 9.

1  Schwartz, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001) (finding that Defendant's conviction

2  became final ten days after the district court entered its order).  Here, the court's judgment was

3  entered on June 16, 2010.  Under Fed. R. App. P. 4(b), Defendant had fourteen days to file a

4  notice of appeal with this court.  The docket demonstrates that no notice of appeal was filed.

5  Thus, the one year limitation period began to run fourteen days after the June 16, 2010 judgment.

6  Defendant's § 2255 motion was sent in October of 2011, more than one year after her judgment

7  became final.  Thus, her petition is untimely and must be dismissed.[3]

8  3. Merits

9       Defendant has not successfully demonstrated that the United States' action in this case

10  was unconstitutional.  In support of her Tenth Amendment argument, Defendant cites Bond v.

11  United States, 564 U.S. __, 131 S.Ct. 2355 (2011), which held that an individual indicted for

12  violating a federal statute has standing to challenge the validity of the statute.

13       Even assuming Defendant has standing to challenge the law in question and could

14  overcome the procedural bars discussed above, she has provided no case law or convincing

15  argument that federal enforcement of drug laws is unconstitutional.  The Ninth Circuit has

16  repeatedly upheld convictions under 21 U.S.C. § 841(a)(1).  See, e.g., U.S. v. Sykes, 658 F.3d

17  1140 (9th Cir. 2011).

18       Further, Defendant has made no compelling argument as to how her arrest or conviction

19  constituted a violation of her constitutionally-protected right to travel.  She asserts that the

20  United States only sought jurisdiction over the crime because she decided to visit acquaintances

21  in Mexico, and that her trips to Mexico "were used as a 'guise' by the government" in order to

22  intimidate her.  Def. Br. at 4. However, Defendant has provided no factual basis for her

---

[3] When the court raises this issue sua sponte, petitioner should be afforded the opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001). However, because the court relies on the waiver issue and also assesses the merits of petitioner's argument, the timing issue is not dispositive and need not be further briefed.

allegation that the government sought to prosecute her based on her decision to travel rather than her decision to sell methamphetamine.

Finally, Defendant's "double counting" argument fails. She provides no support for her argument, but simply cites to U.S. v. Eversole, 487 F.3d 1024 (6th Cir. 2007), which holds that impermissible double counting occurs when "precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." Id. at 1030 (citation omitted). Eversole analyzes double counting in the context of enhancing sentencing factors. Id. Defendant has failed to show why, under Eversole, her guilty pleas to distribution and possession with intent to distribute are the product of impermissible double counting. Here, Defendant was sentenced concurrently for each charge,[4] and she has not addressed precisely how the alleged double counting affected her conviction or sentence.

## III. CONCLUSION

For the reasons stated above, Defendant's motion is DENIED.

**IT IS SO ORDERED.**

DATED: February 9, 2012

Jeffrey T. Miller
United States District Judge

---

[4] As stated in the plea agreement, each of the four counts to which Defendant pleaded guilty carried a sentence of five to forty years. Plea Agreement at 5. Defendant was sentenced to only forty-eight months in prison, with the sentences for each charge running concurrently. Thus, it is unclear without more explanation from Defendant why she believes she was the victim of impermissible double counting.